

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 6, 1951

Hon. Austin Guest
County Attorney
Red River County
Clarksville, Texas

Dear Sir:

Opinion No. V-1165

Re: Fees to which a Justice
of the Peace is entitled
in connection with hold-
ing inquests.

Your request points out that under Article 1053,
V.C.C.P., a justice of the peace is entitled to a fee of
$10.00 for an inquest on a dead body. You then ask the
following questions:

"Where a Justice of the Peace, dur-
ing his twelve year tenure of office, held
various inquests and filed his claim with
the court for a fee of $5.00 which was duly
paid by the court without knowing the fee
to which he was entitled under the above
article, can he now file claim for the ad-
ditional sum of $5.00 for each inquest and
be paid for the same?

"Where an inquest is held on two dead
bodies at the same time occurring from the
same cause, is the Justice of the Peace en-
titled to a fee for each dead body?"

Article 1053, V.C.C.P., prior to 1947, provided
in part:

"A justice of the peace shall be en-
titled, for an inquest on a dead body, in-
cluding certifying and returning the
proceedings to the proper court, the sum
of five dollars, to be paid by the county.
. . ."

In 1947, this portion of Article 1053 was a-
mended by House Bill 217, Acts 50th Leg. 1947, ch.369,
p.745, to provide:

"A Justice of the Peace shall be en-
titled, for an inquest on a dead body,
including certifying and returning the

proceeding to the proper court, the sum of
Ten Dollars ($10), to be paid by the coun-
ty.   . . ."

House Bill 217, supra, became effective on
June 12, 1947.  Therefore, since June 12, 1947, a jus-
tice of the peace has been entitled to a fee of ten
dollars for an inquest on a dead body.

It was held in Attorney General's Opinion
V-936 (1949) that

"The two year statute of limitations
is applicable to recovery of the balance of
delinquent fees due the District Clerk in a
suit against the county, and the statute of
limitations will begin to run on the date
the District Clerk collected delinquent fees
reported for a previous year."

It is our opinion that the principle of law an-
nounced in Attorney General Opinion V-936 (1949) is equal-
ly applicable to your request.  In answer to your first
question, therefore, it is our opinion that the justice
of the peace mentioned in your request may collect an ad-
ditional five dollars for each inquest held since June 12,
1947 for which he received a fee of only $5.00, provided
such fees are not barred by the two-year statute of lim-
itation.  In this connection, we wish to point out that
limitation is a matter of affirmative defense which may
be waived by the county.  Travis County v. Matthews, 235
S.W.2d 691, 698 (Tex.Civ.App. 1950, error ref. n.r.e.);
Att'y Gen. Op. O-3564 (1941); Letter Opinion to Hon.
Jackson S. Webb, County Attorney of Bastrop County, dated
November 1, 1949.

Your second question is answered by Attorney
General's Opinion O-4468 (1942), wherein it is stated:

"3.  If the justice determined that
he should hold separate inquests over each
of the six dead bodies, and did hold such
six separate inquests performing the serv-
ices and duties required by Articles 975,
978 and 987, he would be entitled to an
inquest fee of $5 (now $10) for each pro-
ceeding and in this case a total of $30.00
(now $60).

"4.  If the justice determined that he should hold one joint inquest proceeding and did hold only one inquest proceeding on the six dead bodies and certified only one inquest proceeding, performing the services and duties required by Articles 975, 978 and 987, he would only be entitled to a $5 fee (now $10)."  (Matter in parenthesis added.)

You are advised, therefore, that where one inquest is held by a justice of the peace on two bodies, the justice of the peace is entitled to only one inquest fee of ten dollars.

## SUMMARY

Since June 12, 1947, justices of the peace have been entitled to a fee of ten dollars for each inquest held.  (Art. 1053, V.C.C.P., as amended.)  Where a justice of the peace has collected only five dollars for inquests held subsequent to June 12, 1947, he may collect an additional five dollars for each of such inquests provided such fee is not barred by the two-year statute of limitation.  Att'y Gen. Op. V- 936 (1949).  A justice of the peace is entitled to only one inquest fee of ten dollars for one inquest on two bodies.  Att'y Gen. Op. 0-4468 (1942).

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

JR:mw

Yours very truly,

PRICE DANIEL
Attorney General

By John Reeves
   John Reeves
   Assistant